IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 1871 07-MD-01871 |
|---|---|---|
| THIS DOCUMENT APPLIES TO: | : : | HON. CYNTHIA M. RUFE |
| RICHARD V. D'APUZZO *on behalf of himself and all others similarly situated* v. SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE | : : : : : : : : | CIVIL ACTION NO. 07-4963 |

## REVISED MEMORANDUM OPINION AND ORDER[1]

**Rufe, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**October 15, 2013**

　　The plaintiff in this case is a former user of the prescription diabetes drug Avandia. Plaintiff does not allege that he has been physically injured as a result of taking Avandia; instead he seeks a refund of any monies he paid for Avandia (including insurance co-pays). Plaintiff seeks to proceed on behalf of a class of similarly situated individuals, but no class has been certified. The Court dismissed Plaintiff's prior complaint with leave to amend, and Plaintiff has filed a Third Amended Complaint which the defendant, GlaxoSmithKline LLC ("GSK"), has moved to dismiss. The motion will be granted.

## I. BACKGROUND

　　Plaintiff alleges that GSK concealed the risks of Avandia use while promoting the drug's safety, efficacy, and effectiveness through a fraudulent and deceptive marketing program.

---

[1] This memorandum opinion and order replace the memorandum opinion and order issued on July 10, 2013, and vacated by order dated July 24, 2013.

According to Plaintiff, this resulted in Plaintiff and others purchasing Avandia instead of seeking alternative treatments for diabetes. Plaintiff alleges that he is a resident of New Jersey and that his physician "would have prescribed insulin or alternative treatments had he known about Avandia's risks" and that Plaintiff has now been prescribed insulin.[2] Plaintiff alleges that he paid a higher purchase price for Avandia, including higher amounts in co-payments.[3]

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[4] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[5] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[6] Something more than a mere *possibility* of a claim must be alleged; rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[7] The complaint must set forth "direct or inferential allegations respecting all the material elements

---

[2] Third Am. Compl. ¶ 185.

[3] Third Am. Compl. ¶ 229.

[4] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[5] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[6] Twombly, 550 U.S. at 555, 564.

[7] Id. at 570.

2

necessary to sustain recovery under *some* viable legal theory."[8] The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[9] Legal questions that depend upon a developed factual record are not properly the subject of a motion to dismiss.[10]

## III. DISCUSSION

The Third Amended Complaint alleges claims for violations of the New Jersey Consumer Fraud Act ("NJCFA");[11] breach of express and implied warranties; fraud; negligent misrepresentation, negligence, and unjust enrichment. Most of these claims are barred by New Jersey's Products Liability Law ("PLA"), which is the exclusive basis for any product liability action, defined as "any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty."[12]

As the New Jersey Supreme Court has held, "[t]he language chosen by the Legislature in enacting the PLA is both expansive and inclusive, encompassing virtually all possible causes of action in relating to harms caused by consumer and other products."[13] New Jersey courts have explicitly held that the PLA encompasses claims such as those brought by Plaintiff (except for the express warranty claim), although Plaintiff seeks to recover economic losses, not

---

[8] Id. at 562 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[9] Id. (quoting McGregor v. Indus. Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir. 1988)).

[10] See, e.g., TriState HVAC Equip., LLP v. Big Belly Solar, Inc., 836 F. Supp. 2d 274 (E.D. Pa. 2011).

[11] N.J. Stat. Ann. §§ 56:8-1 to -195.

[12] N.J.S.A. 2A:58C–1b(3).

[13] Sinclair v. Merck & Co., 948 A.2d 587, 595 (N.J. 2008) (citations omitted).

3

compensation for a personal injury. "To allow plaintiffs to seek damages for loss of their co-payments as a result of purchasing defendants' drugs under a theory of consumer fraud will create a cause of action entirely inconsistent with the PLA's comprehensive legislative scheme."[14] Thus, all of Plaintiff's claims, with the exception of the express warranty claim, can only be brought under the PLA, and Plaintiff does not attempt to proceed under that statute.[15]

With regard to the express warranty claim,[16] Plaintiff alleges that "Defendant, in the manufacture, marketing and sale of Avandia expressly warranted on its labels and packaging to Plaintiffs, prescribers, and patients, that Avandia would provide assist [*sic*] 'in the management of type 2 diabetes mellitus' in a safe and efficacious manner."[17] Plaintiff further alleges that "Defendant breached this warranty by selling and marketing Avandia which is not efficacious, as

---

[14] Bailey v. Wyeth, Inc., 37 A3d 549, 582 (N.J. Super. Ct. Law Div. 2008) (internal quotation omitted), aff'd sub nom. DeBoard v. Wyeth Inc., 28 A.3d 1245 (N.J. Super. Ct. App. Div. 2011), cert. denied, 48 A.3d 355 (N.J. 2012).

[15] Id. at 580.

[16] New Jersey law provides that:

1) Express warranties by the seller are created as follows:
(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
(c) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

N.J.S.A. 12A:2-313.

[17] Third Am. Compl. ¶ 259.

4

Avandia fails to mange or reduce the risk factors for Type II diabetics, and in fact, increases serious injury or death, constituting a material breach of the warranty."[18] These assertions fall significantly short of what is required; Plaintiff fails to allege the exact text of the warranties, or the precise time periods these warranties were in effect.[19] Without such allegations, the claim cannot stand.[20]

## IV. CONCLUSION

Plaintiff's Third Amended Complaint fails to state any claim upon which relief can be granted. As Plaintiff has had three attempts to file a complaint that states a cause of action and has failed to do so, the Court finds that it would be inequitable to permit any further amendment, and the dismissal will be with prejudice. An order will be entered.

---

[18] Third Am. Compl. ¶ 260.

[19] *See Fishman v. General Elec. Co.*, No. 12-585, 2013 WL 1845615, at * 5 (D.N.J. Apr. 30, 2013).

[20] The case relied upon by Plaintiff in the notice of supplemental authority, Stewart v. Smart Balance, Inc., No. 11-6174, 2012 WL 4168584 (D.N.J. June 26, 2012), contained a specific factual warranty: that the milk was fat-free; Plaintiffs allege a far more amorphous (and therefore not express) warranty.

5